## UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF COLUMBIA

| | |
|---|---|
| **Christopher D. Barrett** ) | |
| **4 Elko Street, Apt 11** ) | |
|  **Brighton, MA  02135** ) | |
| ) | **Civil Docket** |
| ) | **No:**_____ |
|     **Plaintiff,** ) |  **(  )** |
| ) | |
|  **v.** ) | |
| ) | |
| **The Honorable John McHugh** ) | |
| **Secretary of the Army** ) | |
| **1400 Defense Pentagon** ) | |
| **Washington, D.C.  20301-1400** ) | |
| ) | |
|    **Defendant.** ) | |
| ) | |
| **Also Serve:** ) | |
| **The United States Attorney** ) | |
| **For the District of Columbia** ) | |
| **555 Fourth Street, NW** ) | |
| **Washington, D.C.  20530** ) | |
| ) | |
| ) | |
| **The Attorney General of** ) | |
| **The United States** ) | |
| **10th & Constitution Ave., N.W.** ) | |
| **Washington, D.C.  20530** ) | |

## COMPLAINT

This is a complaint for declaratory judgment seeking to declare that the decision of

the Army Board for Correction of Military Records (ABCMR) denying Plaintiff's relief

was an abuse of discretion, arbitrary and capricious and contrary to law or regulation.

## JURISDICTION

1.  Jurisdiction in this matter is conveyed by 28 U.S.C. § 1331 and 5 U.S.C. § 702 et seq., The Administrative Procedure Act.

## VENUE

2.  Venue is proper as the Defendant is found in this District.

## PARTIES

3.  Plaintiff, Christopher D. Barrett, is a former active duty United States Army enlisted servicemember.

4.  Defendant, The Honorable John McHugh, in his official capacity is the Secretary of the Army.

## FACTS

5.  Plaintiff is a physician in residency at Harvard University.

6.  Plaintiff received his undergraduate degree from the University of Minnesota in 2008 and his medical degree from Washington University in St. Louis, Missouri, in 2012.

7.  Plaintiff enlisted in the Army on October 16, 2002. He rose to the enlisted rank of Specialist, E-4.

8. On April 21, 2005, Plaintiff was assigned to the 82nd Airborne Division and served in Iraq with 3d Brigade, 505th Parachute Infantry Regiment, from August 4, 2003 through March 20, 2004.

9. After returning from combat Plaintiff on April 9, 2004, received the Army Commendation Medal for Meritorious Service in Iraq.

10. Three months later on July 15, 2004, Plaintiff absented himself without leave (AWOL) through May 31, 2005, or 317 days.

11. As a result of Plaintiff's combat experiences in the Iraqi theatre of operations, Plaintiff was diagnosed with Post Traumatic Stress disorder which manifested itself in April 2004 after his return from the combat zone.

12. On August 2, 2005, Plaintiff was discharged with an other-than-honorable characterization of service under the provisions of AR 635-200, Chapter 10, for the good of the service in lieu of trial by courts-martial.

13. An other-than-honorable discharge is reserved for those whose service to country is other-than-honorable. It is a badge of infamy.

14. Plaintiff's DD Form 214, the document which is a synopsis of the Soldier's most recent period of continuous active service, showed on August 5, 2005 that Plaintiff's "Character of Service" was "other-than-honorable" and the "Narrative Reason for Separation" was "in lieu of trial by court-martial." The reenlistment code was RE-4 which served to bar Plaintiff from any further military service. His SPD code was KFS which reflected a separation in lieu of trial by court-martial.

15. Plaintiff on June 8, 2006, sought an upgrade of his discharge before the Army Discharge Review Board (ADRB) pursuant to Department of Defense Instruction 1332.28, and Army Regulation 15-180 by filing a DD Form 293 application to the ADRB.

16. On July 11, 2007, Plaintiff's discharge was upgraded by action of the ADRB to Honorable, the highest possible characterization of service.

17. Plaintiff did not request a change for his "narrative reason for separation, but the ADRB sua sponte voted not to change the "in lieu of trial by court-martial" narrative reason for separation.  The RE code and the SPD designator were also not changed.

18. On February 1, 2010, Plaintiff filed an application using DD Form 149 with the ABCMR requesting inter alia that his reason for separation and SPD code be changed to "Secretarial Authority."

19. Plaintiff pointed to perceived procedural errors in the ADRB processing of his case in the DD Form 149 application to the ABCMR.  The ABCMR concluded with respect to those procedural defects that the ADRB had cured the defect, if any.

20. Plaintiff then pointed to a decided ADRB case which Plaintiff averred was precedent because the facts were virtually identical to Plaintiff's case.  In the precedential case a long term AWOL applicant was upgraded to an Honorable characterization and the narrative reason for separation was changed to "Secretarial Authority."

21. On September 17, 2010, the ABCMR denied Plaintiff's request for a change of his narrative reason for separation saying that:

a. "[T]he ADRB had determined that the reason for discharge was both proper and equitable and voted not to change it."

b. The underlying reason for Plaintiff's discharge was his AWOL and subsequent court-martial charges. The ABCMR said that, "The only valid narrative reason for separation permitted under that paragraph [AR 635-200, Chapter 10,] is in lieu of trial by court-martial.'" "Therefore, the applicant [Plaintiff] received the appropriate narrative reason for separation."

c. "He [Plaintiff] provides a case previously considered by the ABCMR. However, the case is not relevant as ABCMR cases do not set precedence."

22. The case cited as precedent by Plaintiff was actually an ADRB case.

## CLAIM FOR RELIEF

23. The ABCMR abused its discretion, acted arbitrarily and capriciously and acted contrary to law by declaring that cases decided by the ABCMR and ADRB have no precedential value and that the only narrative reason for separation permitted in Plaintiff's case was "in lieu of trial by court-martial."

24. Quite clearly both the ABCMR and ADRB are authorized to change the reason for discharge if such change is warranted without limitation as to reason even if Plaintiff did not request a change to the narrative reason for the separation. Further, ABCMR and ADRB decided cases do have precedential value.

## RELIEF REQUESTED

25.  WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  Declare that the denial of relief to Plaintiff was arbitrary and capricious, an

abuse of discretion and contrary to law.

b.  Remand this matter to the ABCMR with instructions to consider precedent

and to consider whether a change in reason for separation in light of precedent

is warranted.

Respectfully submitted,

Gary Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH 03281
Ph: 800-355-1095
Email: myers@mclaw.us
Fax: 603-746-2038