UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

CHRISTOPHER D. BARRETT,

    Plaintiff,

       v.

JOHN M. MCHUGH, Secretary of the Army

    Defendant.

Civil Action No. 12-1642 (JDB)

---

## MEMORANDUM OPINION

Plaintiff Christopher D. Barrett is a former active duty United States Army enlisted service member. After returning from combat in 2004, Barrett went absent without leave ("AWOL") for nearly a year. He was subsequently charged with desertion. In response, Barrett requested a discharge from the Army "in lieu of trial by court-martial." The general court-martial convening authority granted his request. Barrett later unsuccessfully petitioned the Army Board for the Correction of Military Records ("ABCMR") to change the underlying basis for his discharge from "in lieu of trial by court-martial" to "secretarial authority." He brings this case against the Secretary of the Army challenging the ABCMR's denial of his petition. The Secretary [14] has moved to dismiss for lack of jurisdiction and for summary judgment, and Barrett [16] has cross-moved for summary judgment. Upon careful consideration of the parties' memoranda,[1] the applicable law, and the record, and for the reasons set forth below, the Court will grant the Secretary's motion and will deny Barrett's motion.

---

[1] Def.'s Mot. to Dismiss and for Summ. J. [ECF No. 14] ("Def.'s Mot."); Pl.'s Opp'n to Def.'s' Mot. & Cross Mot. for Summ. J. [ECF No. 16] ("Pl.'s Opp'n & Mot."); Def.'s Reply to Pl.'s Opp'n & Mot. [ECF No. 20] ("Def.'s Reply").

1

## BACKGROUND

The parties agree on the following facts:[2] In 2002, Barrett enlisted with the Army for a 4-year period. He deployed to Iraq in 2003 and 2004. He then went AWOL on July 15, 2004. On June 1, 2005, he returned to his unit at Fort Bragg, North Carolina. Shortly thereafter, he was charged with a single specification of desertion in violation of Article 85, Uniform Code of Military Justice. On June 26, 2005, Barrett submitted his first voluntary request for a discharge in lieu of court-martial, explaining that he was being treated for post-traumatic stress disorder. Barrett admitted that he was guilty of the specification charged or of a lesser included offense and that either would warrant a punitive discharge. He conditioned his request, however, on the receipt of an "honorable" discharge. The general court-martial convening authority denied his request and later referred Barrett's case to a special court-martial, authorized to administer a bad-conduct discharge.

Barrett submitted his second voluntary request for discharge in lieu of court-martial on July 24, 2005. Again, he admitted that he was guilty of the specification charged or of a lesser included offense and that either would warrant a punitive discharge, but this time, he did not condition his request on the receipt of an "honorable" discharge. The general court-martial convening authority approved Barrett's request and directed that he receive an "other than honorable" discharge. Barrett was so discharged on August 3, 2005.

Barrett later petitioned the Army Discharge Review Board to change his characterization of service from "other than honorable" to "honorable." The Army Discharge Review Board granted Barrett's request, citing the "overall length and quality" of his service, the medical circumstances surrounding his discharge, and his post-service accomplishments. Admin. Record

---

[2] See Def.'s Stmt. of Material Facts to Which There is No Genuine Dispute [ECF No. 14-2] ¶¶ 1–25; Pl.'s Stmt. of Material Facts to Which There is No Genuine Dispute [ECF No. 16-1] ¶¶ 1–25.

at 325. The Army Discharge Review Board also noted, however, that "the [narrative] reason for discharge [i.e., "in lieu of trial by court-martial"] was both proper and equitable" and "voted not to change it." Id.

Barrett later petitioned the ABCMR—the highest level of administrative review within the Department of the Army—to change the narrative reason for his discharge from "in lieu of trial by court-martial" to "secretarial authority." In support of his ABCMR petition, Barrett submitted an Army Discharge Review Board opinion, case number 20040000857 ("Case 1"), which he argued established precedent for his requested relief. Id. at 274, 278, 281. The ABCMR denied Barrett's petition, noting that the Army Discharge Review Board determined the reason for Barrett's discharge—in lieu of trial by court-martial—was "both proper and equitable." Id. at 276. The ABCMR reasoned that, because of his AWOL, Barrett had submitted a request for a discharge in lieu of trial by court-martial, and hence "discharge in lieu of trial by court-martial" was the appropriate narrative for his discharge. Id. at 277.

Barrett attempted to appeal the ABCMR's decision, but he submitted his appeal outside the one-year appeal period. He then filed suit in this Court. The case was voluntarily remanded back to the ABCMR to reconsider its earlier decision. Barrett again asserted that Case 1 was precedent for his requested relief. He also submitted another Army Discharge Review Board opinion, case number 20110004285 ("Case 2"), in support of his position. In Cases 1 and 2, the Army Discharge Review Board had upgraded the petitioners' discharges from "other than honorable" to "honorable" and had changed the narrative reason for separation from "in lieu of trial by court-martial" to "secretarial authority."

On October 24, 2013, the ABCMR denied Barrett relief. The ABCMR considered the two cases that Barrett provided and found that "there are several readily apparent bases upon

which to distinguish [Barrett's] case from the 'precedential' cases." Id. at 12. Regarding Case 1, the ABCMR noted that the petitioner there:

> [J]oined the Army in June 1992 and trained as an infantryman. . . . He went AWOL from Fort Campbell, KY, in April 1995. On 19 November 1998, he was apprehended in Sullivan, IN. He was returned to military control. . . . A single AWOL charge was preferred on 24 November 1998. The applicant on the same day submitted a chapter 10 request and signed a statement indicating that he understood "the government has not received the necessary documentation and/or records with which to obtain a conviction by a court-martial." The memorandum further provided "I [applicant] have been advised by military counsel that he cannot completely advise me without these records. I realize my defense counsel is limited by the few records that are available as to the advice he can give. Nevertheless, knowing all this to be true, I waive all defenses that may become known had my defense counsel been able to review my records." . . . . The separation authority approved his request and . . . he was discharged from the Army under the provisions of Army Regulation 635-200, chapter 10, by reason of "in lieu of trial by court-martial["] and issued a UOTHC [under other than honorable conditions] discharge.

Id. at 9. The ABCMR noted that the Army Discharge Review Board upgraded the petitioner's discharge characterization and narrative reason in Case 1 on the basis of equity, citing his medical condition and post-service conduct.

Regarding Case 2, the ABCMR noted that the petitioner there:

> [E]ntered the Army on 16 November 1999 and was trained as an automated logistics specialist, a combat service support function. . . . Charges were preferred against [him] on 5 June 2002 while stationed at Fort Bragg, NC. The offenses occurred over the course of about five weeks and essentially involved indiscipline. He failed to repair and/or report for duty eight times, left the Corps Support Command (COSCOM) area in violation of the order of his commander, would not move rocks, go wash vehicles, return from lunch, or stay in the company area when ordered to do so by an NCO, wrongfully possessed a pair of brass knuckles, and forged the signature of another on a counseling statement. On the same day charges were preferred (5 June 2002), he submitted a request for discharge under chapter 10, Army Regulation 635-200. As part of his request, he asked for a general discharge, but did not make the request conditional upon such a discharge. He noted, in his request for discharge, that his offenses, though serious in the military context, were not so serious as to warrant a federal conviction. He also noted that he

came from a close-knit single parent home and that the death of his younger sister contributed to his decline in performance. On 18 June 2002, the separation authority approved the chapter 10 with issuance of a UOTHC [under other than honorable conditions] discharge. He was separated effective 26 June 2002.

Id. at 9–10. The ABCMR noted that the Army Discharge Review Board upgraded the petitioner's discharge characterization and narrative reason in Case 2 on the basis of equity, citing his overall length of service, the circumstances surrounding his discharge, and his youth and immaturity.

The ABCMR then distinguished Barrett's petition from Case 1, noting that Barrett had "deserted his unit in a time of war after having served about 21 months of his 48-month commitment." Id. at 12. In contrast, the petitioner in Case 1 went AWOL when the nation was not at war and "after having served about 34 months of his 48-month commitment." Id. The ABCMR also observed that Barrett initially "attempted to separate on his own terms rather than fully accept responsibility for his misconduct and its adverse impact on the Army" by seeking a general discharge, whereas the petitioner in Case 1 immediately requested discharge without any contingency. Id. Additionally, the ABCMR noted that the petitioner in Case 1 waived production of evidence necessary to secure a conviction, was separated in less than a week, and "submitted a chapter 10 without having reviewed the evidence in the case with a defense counsel, who, due to lack of evidence, was unable to fully advise his client as to the relative merits of the government's case if he proceeded to trial." Id. In contrast, Barrett's "attempt[] to separate on his own terms . . . delayed his separation for over 2 months and put the Army and his unit through additional pains." Id.

The ABCMR also distinguished Barrett's petition from Case 2, where the petitioner's offense had occurred during a time of war. Id. The ABCMR noted that the petitioner in Case 2

5

"did not desert or leave his unit without authority." Id. Rather, he had engaged in "a rash of indiscipline over a five or six week period." Id. The ABCMR observed that, similar to the petitioner in Case 1 and in contrast to Barrett, the petitioner in Case 2 actively expedited his separation from the military by immediately submitting an unconditional request for discharge in lieu of court-martial. Id.

After analyzing the facts, comparing the cases, finding that there were no indications of procedural error in Barrett's case, and finding that the relief Barrett requested was not compelled, the ABCMR determined that the record in Barrett's case supported that "the underlying reason for his discharge was his AWOL/desertion and resulting court-martial charge." Admin. Record at 13. The ABCMR concluded that the narrative reason for Barrett's discharge was appropriate "considering all the facts of the case." Id.

Barrett's suit in this Court presents three claims: that the ABCMR failed to consider precedent when deciding his petition; that the ABCMR failed to properly weigh precedent when deciding his petition; and that the ABCMR erroneously declared that the only narrative reason for separation permitted in Barrett's case was "in lieu of trial by court-martial." The Secretary has now moved to dismiss as moot Barrett's claim that the ABCMR did not consider precedent when deciding not to grant the requested relief. The Secretary has also moved for summary judgment on Barrett's two other claims, and Barrett has cross-moved for summary judgment on all claims.

## GENERAL LEGAL STANDARDS

### I. MOTION TO DISMISS UNDER RULE 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject-matter jurisdiction. Subject-matter jurisdiction is both a statutory requirement and an

<blockquote>
</blockquote>

6

Article III requirement. Akinseye v. District of Columbia, 339 F.3d 970, 971 (D.C. Cir. 2003). The plaintiff bears the burden of demonstrating that jurisdiction exists. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A court may dispose of a case or a claim for lack of subject-matter jurisdiction if the case or claim is moot. See Comm. in Solidarity with the People of El Sal. v. Sessions, 929 F.2d 742, 744 (D.C. Cir. 1991).

When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court must construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004). Nonetheless, "the court need not accept factual inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions." Speelman v. United States, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true. See, e.g., Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1107 (D.C. Cir. 2005); EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 n.3 (D.C. Cir. 1997).

## II. THE ADMINISTRATIVE PROCEDURE ACT

Under the Administrative Procedure Act ("APA"), a court must set aside agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This narrow standard of review is "[h]ighly deferential" and "presumes the validity of agency action." AT&T Corp. v. FCC, 220 F.3d 607, 616 (D.C. Cir. 2000).

An agency is required to "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29,

43 (1983) (internal quotation marks and citation omitted). The reviewing court "is not to substitute its judgment for that of the agency," id., and thus "may not supply a reasoned basis for the agency's action that the agency itself has not given," Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285–86 (1974). Nevertheless, a decision that is not fully explained may be upheld "if the agency's path may reasonably be discerned." Id. at 286. In other words, the Court "may reverse only if the agency's decision is not supported by substantial evidence, or the agency has made a clear error in judgment." AT&T, 220 F.3d at 616 (internal quotation marks and citation omitted).

### III. SUMMARY JUDGMENT

In a motion for summary judgment under the APA, "the standard set forth in Rule 56(a) does not apply because of the court's limited role in reviewing the administrative record." Coe v. McHugh, 968 F. Supp. 2d 237, 239 (D.D.C. 2013). "[I]t is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." Univ. of Mass. v. Kappos, 903 F. Supp. 2d 77, 84 (D.D.C. 2012) (internal quotation marks and citation omitted). Accordingly, "district courts reviewing agency action under the APA's arbitrary and capricious standard do not resolve factual issues, but operate instead as appellate courts resolving legal questions." James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1096 (D.C. Cir. 1996). "[T]he court considers whether the agency acted within the scope of its legal authority, whether the agency has explained its decision, whether the facts on which the agency purports to have relied have some basis in the record, and whether the agency considered the relevant factors." Fund for Animals v. Babbitt, 903 F. Supp. 96, 105 (D.D.C. 1995).

**DISCUSSION**

Barrett's claims against the Secretary—although delineated into three separate claims in his amended complaint—substantially overlap: he challenges the ABCMR's acknowledgment and use of precedent, and its conclusions based on its use of precedent. The Court will nonetheless analyze the claims separately, as presented by Barrett, for ease of reference. Barrett's first claim that the ABCMR "declared that cases decided on equity grounds are not subject to precedent" will be dismissed as moot because, on remand, the ABCMR acknowledged its responsibility to consider factually similar cases when deciding a petition and in fact considered the cases that Barrett submitted as precedent. The Court will grant summary judgment in favor of the Secretary on Barrett's second and third claims challenging the ABCMR's analysis and conclusion because the ABCMR's decision was adequately reasoned and supported.

### I. WHETHER THE ABCMR ACKNOWLEDGED ITS RESPONSIBILITY TO CONSIDER PRECEDENT

"[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969); see also Pharmachemie B.V. v. Barr Labs., 276 F.3d 627, 631 (D.C. Cir. 2002) (explaining that a case is moot if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future").

Here, Barrett claims that the ABCMR "abused its discretion and acted arbitrarily and capriciously" when it "declared that cases decided on 'equity' grounds are not subject to precedent considerations." Am. Compl. ¶ 26. Barrett argues that the ABCMR "refused to acknowledge" that precedent needed to be considered when deciding Barrett's petition. Pl.'s Opp'n & Mot. at 4. This claim is now moot because, on remand, the ABCMR acknowledged that it must consider precedent in reaching conclusions on the cases before it:

> Every Army Review Boards Agency (ARBA) Board must have a substantial basis in fact and law for any decision it makes. Equally, the Boards must be consistent in rendering their decisions. Each Board has a responsibility to treat similar cases in a similar manner unless it can provide a legitimate reason for failing to do[] so, provide an adequate explanation to justify treating similarly-situated parties differently, and address every issue raised by an applicant in a case, including an allegation that the Board has granted relief in a factually-similar case. In other words, past Board decisions must be addressed when faced with a similar claim from another applicant.

Admin. Record at 11. The ABCMR then discussed and analyzed the two cases presented by Barrett as purported precedent, but which were decided on equity grounds, concluding that they "are easily distinguishable and do not compel relief for [Barrett]." Id. Although Barrett disagrees with the ABCMR's findings and conclusion, there is no controversy over whether the ABCMR reviewed the precedent presented by Barrett: it is clear that it did. And Barrett's argument that ACBMR merely "gave lip service to precedent," Pl.'s Opp'n & Mot. at 5, has no basis in fact. The ABCMR devotes several pages of its opinion to analyzing and comparing the facts of Barrett's case to the two cases that he submitted. See Admin. Record at 9–13. Accordingly, the issue of whether the ABCMR erred when it purportedly failed to acknowledge its responsibility to consider precedent is now moot, this Court lacks subject-matter jurisdiction to address it, and the Secretary's motion to dismiss this claim under Rule 12(b)(1) will be granted.

10

## II. WHETHER THE ABCMR FAILED TO IDENTIFY AND PROPERLY ASSESS SIMILARITIES BETWEEN BARRETT'S CASE AND PRECEDENT

"[W]hile judicial review of an agency's actions is generally narrow and subject to a presumption of validity, review of [a military review board's] decisions in particular under the APA is 'unusually deferential.'" Coe, 968 F. Supp. 2d at 240; see also Piersall v. Winter, 435 F.3d 319, 324 (D.C. Cir. 2006). "All that is required" from a military review board—such as the ABCMR—"is that [its] decision minimally contain a rational connection between the facts found and the choice made." Frizelle v. Slater, 111 F.3d 172, 176 (D.C. Cir. 1997) (internal quotation marks and citation omitted). The party seeking review of a military review board's decision bears the burden of "overcom[ing] the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully and in good faith." Id. at 177 (internal quotation marks and citation omitted).

Here, Barrett claims that the ABCMR "abused its discretion and acted arbitrarily by failing to identify the similarities in the two precedent cases and Plaintiff's case and failing to balance those similarities against the dissimilarities identified and emphasized by the ABCMR so as to provide a rationale for its denial." Am. Compl. ¶ 27. The Secretary responds that the ABCMR's opinion on remand considered the two cases that Barrett submitted as precedent and that it adequately compared and distinguished those cases from Barrett's case. The Court agrees.

The record shows that the ABCMR analyzed Case 1 and Case 2, compared them to Barrett's case, and determined that Case 1 and Case 2 were distinguishable. For example, the ABCMR noted that, in both Case 1 and Barrett's case, the petitioners were infantryman who had gone AWOL. It then identified the differences: the nation was at war when Barrett went AWOL, it was not when the petitioner in Case 1 went AWOL; Barrett had served less of his time

commitment than the petitioner in Case 1; and the petitioner in Case 1 expedited his separation, whereas Barrett did not immediately request a discharge with no contingencies.

Regarding Case 2, the ABCMR acknowledged that, in both Case 2 and Barrett's case, the nation was at war at the time of the offenses charged. The ABCMR then identified differences: the petitioner in Case 2 was not an infantryman like Barrett, but was instead a combat service support solider; Barrett went AWOL, while the petitioner in Case 2 committed disciplinary offenses; and the petitioner in Case 2 expedited his separation, whereas Barrett did not immediately request a discharge with no contingencies.

Lastly, the ABCMR noted that, in all three cases, no relief was mandatory, and found that Barrett's separation was in compliance with the applicable regulations. The ABCMR also found that, in Barrett's case, the "discharge directed and the reasons therefore were appropriate considering all of the facts of the case." Admin. Record at 13. The ABCMR ultimately concluded that "there is no reason to change [Barrett's] record." Id.

The record thus shows that the ABCMR considered and weighed the cases that Barrett provided when it decided his petition. Barrett's claim and his arguments in support ask this Court to re-evaluate the findings of the ABCMR to determine that it did not appropriately identify and weigh precedent. The function of this Court, however, "is not to serve as a super correction board that reweighs the evidence." Charette v. Walker, 996 F. Supp. 43, 50 (D.D.C. 1998); see also Wilhelmus v. Geren, 796 F. Supp. 2d 157, 162 (D.D.C. 2011) (noting that the ABCMR has "significant flexibility in judging the respective merits of each application for review"). Nor can this Court "substitute its judgment for that of [the ABCMR]." Motor Vehicle, 463 U.S. at 43.

The ABCMR acted reasonably, within its discretion, and in accordance with the law when it compared and contrasted purported precedent with Barrett's case and found that there was no factual basis for granting Barrett his requested relief. The ABCMR's conclusion "contain[s] a rational connection between the facts found and the choice made." Frizelle, 111 F.3d at 176 (internal quotation marks and citation omitted).

### III. WHETHER THE ABCMR ABUSED ITS DISCRETION WHEN IT DENIED BARRETT HIS REQUESTED RELIEF

Barrett asserts that the ABCMR "abused its discretion, acted arbitrarily and capriciously and acted contrary to law by declaring that the only narrative reason for separation permitted in Plaintiff's case was 'in lieu of trial by court-martial.'" Am. Compl. ¶ 25. Barrett argues that the ABCMR had the authority to grant him relief and yet erroneously failed to do so. Although Barrett is correct that the ABCMR had the authority to grant him relief, he has not shown that the ABCMR erroneously failed to do so. As discussed above, the ABCMR analyzed the facts of Barrett's case, compared and distinguished those facts from purported precedent, and came to the conclusion that there was no factual basis to grant the requested relief. Admin. Record at 13. The ABCMR met its obligations by "examin[ing] the relevant data and articulat[ing] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle, 463 U.S. at 43 (internal quotation marks and citation omitted). And as long as the ABCMR's determination adequately states the reasons for its decision and was in the realm of reason, this Court must defer to it. See e.g., Frizelle, 111 F.3d at 176.

## **CONCLUSION**

For the reasons set forth above, the Court will grant the Secretary's motion to dismiss and for summary judgment and will deny Barrett's motion for summary judgment. A separate Order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: October 31, 2014